UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE KISABERTH,<br><br>           Plaintiff,<br><br>    v.<br><br>EXPEDIA INC., *et al.*,<br><br>           Defendants. | Case No. 1:22-cv-01562-JLT-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND DENYING PLAINTIFF'S MOTION TO DISMISS AS MOOT<br><br>(ECF Nos. 6, 7). |

      Plaintiff Sue Kisaberth initiated this civil action by filing a complaint against Defendants Expedia, Inc. and VRBO in Madera Superior Court. (*See* ECF No. 1). On December 4, 2022, Defendant Expedia, Inc. filed a notice of removal, removing the action to this Court pursuant to 28 U.S.C. § 1332(a)(1). (*Id.*)

      On February 6, 2023, Plaintiff filed a motion to dismiss Defendants Expedia, Inc. and VRBO without prejudice pursuant to Federal Rule of Civil Procedure 41. (ECF No. 6). On February 17, 2023, Defendant Expedia Inc. filed a statement of non-opposition to Plaintiff's motion to dismiss. (ECF No. 8).

      On February 7, 2023, Plaintiff filed a motion for leave to amend the removed complaint. (ECF No. 7). On February 17, 2023, Defendant Expedia Inc. filed a statement of non-opposition to Plaintiff's motion for leave to amend. (ECF No. 9).

1

According to Plaintiff's motion for leave to amend, Plaintiff's prior counsel, without recognizing that Defendant Expedia had filed a notice of removal, "attempted to file an amendment to the complaint in the Madera County Court" to name two individuals in place of Doe 1 and Doe 2, Shad and Stephanie Schidel. (ECF No. 7, p. 2). These individuals are the owners of the property where the events giving rise to the complaint occurred. (*Id.*) Plaintiff believes that she has named the incorrect corporate entities as defendants. However, due to the contractual agreement between the proper corporate entity and the Schidel defendants, Plaintiff now "believes it's in her best interest to add the Schidels as defendants in this case and to dismiss the current corporate defendants without ever naming HomeAway.com, Inc., the proper corporate entity, to maintain the maximum recoverable amount under the applicable insurance policy." (*Id.* at 2-3). If Plaintiff is granted leave to file the First Amended Complaint, Plaintiff intends to file a motion to remand this case to Madera Superior Court. (*Id.* at 3).

As grounds for leave to amend, Plaintiff seeks to remove fictitious party defendants. Further, Plaintiff seeks to amend the complaint "to clarify the facts and allegations forming the basis of its claims and to generally ensure the post-removal pleading conforms to the requirements of Fed. R. Civ. P. 8 (a)." (*Id.*) Finally, leave to amend is proper pursuant to Rule 15 because "[a]llowing the Plaintiff to file the attached amended complaint would serve justice and promote judicial efficiency. Moreover, permitting the Plaintiff to amend the complaint will not result in substantial or undue prejudice, bad faith, or undue delay as to any party or this Court." (*Id.*)

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that "[t]he court should freely give leave when justice so requires." Given that Defendant Expedia Inc. does not oppose Plaintiffs' motion (*See* ECF No. 9), the Court finds good cause to grant leave to file the proposed first amended complaint. Further, because Defendants Expedia Inc. and VRBO are not named in Plaintiff's proposed first amended complaint (*see* ECF No. 7, p. 6), the Court will deny Plaintiff's motion to dismiss Defendants Expedia Inc. and VRBO as moot.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's unopposed motion for leave to amend (ECF No. 7) is GRANTED. Plaintiff

shall file her proposed amended complaint by no later than March 2, 2023.

2. Plaintiff's unopposed motion to dismiss Defendants Expedia, Inc. and VRBO (ECF No. 6) is DENIED as moot.

3. Additionally, Plaintiff shall file any motion for remand by no later than April 7, 2023.

4. Given the filing of the first amended complaint against new defendants, and anticipated motion to remand, the Court VACATES the initial scheduling conference set for March 23, 2023 (*see* ECF No. 3) and will reset the scheduling conference at a later date.

IT IS SO ORDERED.

Dated:  **February 22, 2023**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE