UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE KISABERTH,<br><br>           Plaintiff,<br><br>      v.<br><br>EXPEDIA INC., et al.,<br><br>           Defendants. | Case No. 1:22-cv-01562-JLT-EPG<br><br>ORDER GRANTING UNOPPOSED MOTION TO REMAND<br><br>(Doc. 13) |

Plaintiff filed her original Complaint in the Superior Court of Madera County, California, on October 6, 2022. (Doc. 1 at 9.) At that time, the named Defendants were Expedia, Inc., and VRBO. (*Id*.) Defendant Expedia, Inc. removed the case from state court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b). (Doc. 1.)

On February 7, 2023, Plaintiff filed a Motion for Leave to Amend (Doc. 7) and a concurrent Motion to Dismiss the originally named corporate Defendants (Doc. 6). On February 22, 2023, this Court granted Plaintiff leave to amend and denied as moot the motion to dismiss the corporate Defendants. (Doc. 10.) The Plaintiff filed her First Amended Complaint, which names only two individual defendants, Shad Schidel, and Stephanie Schidel, both of whom are alleged to be residents of Santa Cruz County, California. (Doc. 13.)

Plaintiff filed a motion to remand on April 7, 2023. (Doc. 13.) The remaining Defendants, Shad Schidel and Stephanie Schidel, late-filed a non-opposition. (Doc. 16.)

1

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Considering the non-opposition and the California residency[1] of the only remaining Defendants, the unopposed motion to remand (Doc. 13) is **GRANTED**. This matter shall be remanded to the Superior Court for the County of Madera.

IT IS SO ORDERED.

Dated:   **May 25, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] Whether or not an allegation of residency, standing alone, is sufficient to establish diversity jurisdiction is debatable. *Compare Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship), *with Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.") *and Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 884 (9th Cir. 2013) ("That a [person] may have a residential address in California does not mean that person is a citizen of California."). But given that it is a removing defendant's burden to demonstrate the existence of diversity jurisdiction, *see Kanter*, 265 F.3d at 857–58, there is no need to delve deeper into the citizenship of the remaining Defendants in the context of this unopposed motion to remand.